Earl R. Gilbert & another *vs.* Louis S. Thierry.

Middlesex. October 5, 1945. — May 10, 1946.

Present: Field, C.J., Lummus, Qua, Dolan, & Wilkins, JJ.

*Nuisance. Landlord and Tenant,* Nuisance, Landlord's liability to tenant or his family or his invitee.

Evidence justified a finding that the owner of an apartment building created and maintained a nuisance toward the occupants of one of the apartments through smoke, gas and fumes when, because of a refusal of a Federal war agency to allow him to use fuel oil, he converted an oil burning furnace into a coal burning furnace, but made use of flues too small for burning coal and failed to install additional flue piping which would have carried off the smoke, gas and fumes.

BILL IN EQUITY, filed in the Superior Court on January 13, 1944.

The suit was heard by *Forte*, J.

*A. E. Lewis*, for the defendant.

*W. H. Lewis, Jr.*, for the plaintiffs.

LUMMUS, J. On February 20, 1943, the male plaintiff took a lease from the defendant of an apartment on the street floor of an apartment house in Watertown owned by the defendant. The female plaintiff is the mother of the male plaintiff, and lived with him in the apartment. The lease was for the term of one year and five months beginning April 1, 1943, and thereafter from year to year until either party should give a prescribed notice to terminate the lease. The lease provided that the apartment was to be "heated, barring accidents and circumstances beyond the control of the lessor Oct. 1 to May 30 of each year." Prior to the fall of 1943 the apartment house was heated satisfactorily by two oil burning furnaces in the basement, one of them immediately below the apartment occupied by the plaintiffs.

In the summer of 1943 conversion of the heating system to coal was made necessary by the refusal of the Federal Office of Price Administration to give the defendant any ration for fuel oil. The flues of the chimney were large enough when oil was burned, but not when coal was burned. The result was that when the furnace immediately under the apartment occupied by the plaintiff began to burn coal on or about September 30, 1943, the defendant could procure no coal except soft coal, and the apartment was so filled with smoke, coal gas and fumes that the plaintiffs could hardly live there. They were forced to keep their windows open even in cold weather, and to remain out of the apartment as much as possible. They were made ill by the smoke, gas and fumes, and their household furnishings and effects were ruined. This situation continued until in February, 1944, the defendant was permitted by the Office of Price Administration to reconvert the furnaces so as to burn oil. The trouble then ceased.

This bill was filed on January 13, 1944. The plaintiffs

prayed for an injunction against the continuance of the nuisance, and damages. Before the hearing took place on June 21, 1944, the nuisance had ceased, and an award of damages had become the only question to be considered. The judge found that the defendant had failed to use ordinary care to prevent injury to the plaintiffs, and had maintained a nuisance. He also made findings, which we need not consider, that there was a breach of the covenant for quiet enjoyment, and that there was a constructive eviction. He found that the plaintiffs were not guilty of contributory negligence. There was evidence that an additional flue pipe could have been installed to carry smoke, gas and fumes from the furnaces to the open air at the roof, and that such a pipe would have prevented the nuisance. If it be assumed that it would have been necessary to obtain a "priority" from the Office of Price Administration in order to buy such a pipe, there was evidence that the defendant never sought such a priority.

The final decree entered November 24, 1944, ordered the defendant to pay to the male plaintiff $470 and costs and to pay to the female plaintiff $1,350 and costs. The defendant appealed: No question of damages is argued.

The question is not one of alleged contractual liability for failure to heat the apartment, which might involve questions of impossibility of performance or the frustration of the contract. The question here is one of liability for nuisance. Apart from the question of governmental compulsion, or denial to the defendant of the means of preventing a nuisance, the judge was right in finding that the defendant created and maintained a nuisance.

We assume, without deciding, that governmental compulsion, no less than governmental permission (*Sawyer* v. *Davis*, 136 Mass. 239; *Czapski* v. *Sun Oil Co.* 303 Mass. 186), may excuse what without it would be an actionable nuisance. *Godard* v. *Babson-Dow Manuf. Co.* 313 Mass. 280. *Anderson* v. *Guerrein Sky-Way Amusement Co.* 346 Penn. St. 80. *Stubbins* v. *Atlantic City Electric Co.* 136 N. J. Eq. 327. *Horne* v. *Mt. Vernon Die Casting Corp.* 181 Misc. (N. Y.) 758. But in the present case the judge prop-

erly found upon the evidence that the nuisance was the result, not of governmental compulsion, but of the defendant's own want of reasonable care in dealing with a difficult situation. The evidence did not require a finding that the plaintiffs were guilty of any contributory fault.

*Decree affirmed with costs.*